UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| KEVIN ANTHONY DICKSON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.:   3:18-CV-60-TAV-HBG |
| | ) | |
| BLAIR LEIBACH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Petitioner Kevin Anthony Dickson, a Tennessee inmate proceeding pro se, has filed

a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his Tennessee

judgments of conviction for two counts of attempted first-degree murder, one count of

attempted aggravated robbery, one count of aggravated burglary, and one count of

aggravated assault.   Having considered the submissions of the parties, the State-court

record, and the law applicable to Petitioner's claims, the Court finds that the petition should

be denied.

I.       **SUMMARY OF RELEVANT EVIDENCE & PROCEDURAL HISTORY**

In January 2008, Christopher Lyons lived in a log cabin near Sevierville, Tennessee,

with his twin brother, Anthony Lyons, and several other individuals, including Christopher

Gossett [Doc. 29-4 p. 36–37, 81].  Petitioner purchased cocaine from Gossett in the early

morning hours of January 6, 2008—a sale that was facilitated by Anthony Lyons [*Id*. at 42,

57, 83, 99].  After snorting some of the cocaine and believing it to be either counterfeit or

of poor quality, Petitioner borrowed a .45 caliber handgun from a friend, drove to a Wal-

Mart, and purchased ammunition for the handgun [*Id*. at 168–69, 183–85, 188–89]. He then enlisted the help of Jessie James Davis and Johnny Ramirez to help him confront Gossett and Anthony Lyons [*Id*. at 166–67].

Later that night, on January 6, 2008, the three men went to the cabin armed with weapons [*Id*. at 21–22, 24, 49, 86, 87–88]. Petitioner carried brass knuckles and a metal baton, Ramirez was armed with the .45 pistol Petitioner had procured, and Davis was armed with an air pistol [*Id*. at 49, 86, 145, 167–68]. There were approximately 10 people in the cabin when Petitioner, Ramirez, and Davis arrived [*Id*. at 31]. After kicking open the door, the three men began demanding money and drugs [*Id*. at 21, 24, 92–93]. Ultimately, Christopher Lyons and an occupant named Rodney Hardin were shot by Ramirez, while Anthony Lyons was beaten with the baton wielded by Petitioner [*Id*. at 21, 47, 87–90]. After searching for and not finding Gossett, the trio fled. Both shooting victims survived, but Hardin suffered injuries that left him partially paralyzed, and Christopher Lyons suffered a serious leg injury [*Id*. at 23–24, 47–49]. Hardin and the Lyons brothers all identified Petitioner as one of the perpetrators [*Id*. at 24, 45, 54–55, 86–87, 119, 127].

Petitioner was arrested on January 7, 2008 and was taken to the Sevier County Sheriff's Office, where he gave a statement admitting to going to the cabin to confront the drug dealers and "beat[ting] the shit out" of Anthony Lyons [Doc. 29-5 p. 54]. He stated that the other two people were injured "because of their two friends being shysters" [*Id*. at 68].

Following Petitioner's waiver of the right to a jury trial, a bench trial was conducted where Petitioner was convicted of two counts of attempted first-degree murder, one count

of aggravated assault,[1] one count of especially aggravated robbery, and one count of attempted robbery [*see* Doc. 29-1 p. 47, 80–85; *see also* Doc. 29-4 p. 7]. He received a total effective sentence of 50 years [Doc. 29-1 at 80–85].

On appeal, a divided panel of the Tennessee Court of Criminal Appeals ("TCCA") modified one of Petitioner's convictions for attempted first-degree murder to attempted second-degree murder, and it modified the conviction for especially aggravated burglary to aggravated burglary. *State v. Dickson*, No. E2010-01781-CCA-R3-CD, 2012 WL 2152078, at *1 (Tenn. Crim. App. June 14, 2012), *aff'd in part, rev'd in part*, 413 S.W.3d 735 (Tenn. 2013) ("*Dickson I*"). The convictions were otherwise affirmed. *Id*. Both parties applied to the Tennessee Supreme Court for permission to appeal, which was granted [Docs. 29-18, -19, -20]. In an opinion filed October 8, 2013, the Tennessee Supreme Court affirmed both of Petitioner's convictions for attempted first-degree murder. *State v. Dickson*, 413 S.W.3d 735, 749 (Tenn. 2013).

Petitioner subsequently filed two petitions for post-conviction relief in the convicting court [Doc. 29-9 p. 4–20; Doc. 20-10 p. 2–19]. After the State's responses were filed [*see, e.g.*, Doc. 29-11 p. 31–34], an evidentiary hearing was held where the trial court granted Petitioner's request to represent himself after the withdrawal of his two prior appointed attorneys [*see* Doc. 29-9 p. 136, 137; Doc. 29-12; Doc. 29-13]. No witnesses were called at the hearing [Doc. 29-13]. At the conclusion of the hearing, the trial court

---

[1] Petitioner was actually convicted of two counts of aggravated assault, but one count was merged into an attempted first-degree murder conviction [*See, e.g.*, Doc. 29-1 p. 67, 82].

denied the petition [Doc. 29-11 p. 37; Doc. 29-13 p. 102–04].  The TCCA affirmed the post-conviction court's decision on appeal. *Dickson v. State*, No. E2015-01443-CCA-R3-PC, 2016 WL 1752931, at *1 (Tenn. Crim. App. Apr. 29, 2016) ("*Dickson II*").  Petitioner did not file an application for discretionary review to the Tennessee Supreme Court.[2]

Thereafter, Petitioner filed the instant petition for writ of habeas corpus, as amended, raising the following claims, as paraphrased by the Court:

Claim 1:  Petitioner was denied the privileges and immunities of citizenship.

Claim 2:  The admission of Petitioner's confession violated the Fourth Amendment.

Claim 3:  The admission of Petitioner's confession violated the Fifth Amendment.

Claim 4:  Trial counsel rendered ineffective assistance.

Claim 5:  Petitioner was subjected to excessive bail.

Claim 6:  Petitioner's confinement violates the Fourteenth Amendment.

[Doc. 14].  The Court ordered Respondent to answer or otherwise respond to the petition, and Respondent complied by filing an answer on October 11, 2016 [Doc. 30].  Petitioner submitted a reply to the answer on December 19, 2016 [Doc. 39].  This matter is now ripe for review.

---

[2] While Petitioner's post-conviction proceedings were pending, he filed three petitions for habeas corpus relief in both the criminal and chancery court of Morgan County, Tennessee [Docs. 29-29, -31, -32, -35, -36].  While Petitioner's post-conviction petition was pending in the trial court, Petitioner also filed a petition for writ of habeas corpus in this Court that was dismissed without calling for a response [Docs. 29-38, -39, -40].

## II.    LEGAL STANDARD

The Court's review of the instant petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which prevents the grant of federal habeas relief on any claim adjudicated on the merits in a State court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision based on an unreasonable determination of facts in light of the evidence presented.  *See* 28 U.S.C. § 2254(d)(1)–(2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Federal habeas relief may be granted under the "contrary to" clause where the State court (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Williams v. Taylor*, 529 U.S. 362, 405–06, 412–13 (2000).  Under the "unreasonable application" clause, a federal court may grant relief where the State court applies the correct legal principle to the facts in an unreasonable manner.  *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 412–13. Whether a decision is "unreasonable" is an objective inquiry; it does not turn on whether the decision is merely incorrect.  *See Schriro*, 550 U.S. at 473 ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." (citing *Williams*, 529 U.S. at 410)).  This standard will allow relief on a federal claim decided on its merits in State court only where the petitioner demonstrates that the State ruling "was so lacking in justification that there was an error understood and comprehended

5

in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). When evaluating the evidence presented in State court, a federal habeas court presumes the correctness of the State court's factual findings. 28 U.S.C. § 2254(e)(1). The petitioner bears the burden of rebutting this presumption by clear and convincing evidence. *Id.*

The doctrine of procedural default also limits federal habeas review. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (holding prisoner's procedural default forfeits his federal habeas claim). A procedural default exists in two circumstances: (1) where the petitioner fails to exhaust all of his available State remedies and the State court to which he would be required to litigate the matter would now find the claims procedurally barred, and (2) where a State court clearly and expressly bases its dismissal of a claim on a State procedural rule and that rule provides an independent and adequate basis for the dismissal. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 731–32, 735 n.1 (1991). A procedural default may be circumvented, allowing federal habeas review of the claim, only where the prisoner can show cause and actual prejudice for the default, or demonstrate that a failure to address the merits of the claim would result in a fundamental miscarriage of justice. *Id.* at 750; *see also Wainwright v. Sykes*, 433 U.S. 72, 87, 90–91 (1977). "Cause" is established where a petitioner can show some objective external factor impeded defense counsel's ability to comply with the State's procedural rules, or that his trial counsel rendered ineffective assistance. *Coleman*, 501 U.S. at 753–54. Additionally, the petitioner must show actual prejudice to overcome the default; the mere possibility of prejudice is insufficient. *See Maupin v. Smith*, 785 F.2d 135, 139 (6th Cir. 1986) (citations omitted);

*see also United States v. Frady*, 456 U.S. 152, 170 (1982) ("[The petitioner] must shoulder the burden of showing, not merely that the errors [in the proceeding] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions.") (emphasis in original).  A fundamental miscarriage of justice of occurs "where a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

## III.    DISCUSSION

### A.    Privileges and Immunities

Petitioner alleges that he was deprived of the privileges and immunities of citizenship when he was prevented from asserting multiple violations of rights under the Tennessee Constitution [Doc. 14 p. 5].  However, the federal writ of habeas corpus is reserved for a claim that a petitioner "is in custody by violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Therefore, Petitioner's State-law claim is not a cognizable federal habeas claim.  *See, e.g.*, *Davis v. Coyle*, 475 F.3d 761, 777 (6th Cir. 2007) (holding that to obtain federal habeas relief on a State-law claim, a petitioner must show that the error "result[ed] in prejudice so great as to deny a [petitioner] his . . . right to a fair trial" (quoting *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986) (first alteration in original))).

Moreover, even if this claim were construed as a viable federal habeas claim, and it could be considered fairly raised in Petitioner's post-conviction petition, the claim would nonetheless be procedurally defaulted.  By Petitioner's own admission, he did not raise this

claim prior to trial or on direct appeal. In the post-conviction appeal, the TCCA concluded that virtually all of Petitioner's claims, save those of ineffective assistance of counsel, were waived under Tenn. Code Ann. § 40-30-106(g) for his failure to raise them on direct appeal when he could have done so. *Dickson II*, 2016 WL 1752931, at \*3; *see also* Tenn. Code Ann. § 40-30-106(g) (stating that a petitioner waives grounds for relief by failing to raise it in an earlier proceeding before a court of competent jurisdiction).

As the Court noted above, failure to comply with a State procedural rule will foreclose habeas review of a claim if the decision of the State court rested on the State-law rule, and it is independent of the federal question and adequate to support the judgment. *See, e.g.*, *Walker v. Martin*, 562 U.S. 307, 315 (2011). To determine whether a habeas claim is precluded by the failure to observe a State procedural rule, a reviewing court must determine: (1) whether an applicable rule exists with which the petitioner failed to comply; (2) whether the State courts actually enforced the rule; (3) whether the rule is an adequate and independent State rule on which the State can rely to foreclose review of the federal claim; and (4) whether cause exists for the petitioner's failure to follow the rule, and he was prejudiced by the alleged error. *Maupin*, 785 F.2d at 138.

The waiver statute relied upon by the TCCA, Tenn. Code Ann. § 40-30-106(g), constitutes a firmly-established and regularly-enforced independent rule that precludes a federal habeas court's review of the instant claim. *See, e.g.*, *Cone v. Bell*, 243 F.3d 961, 969 (6th Cir. 2001), *overruled on other grounds by Bell v. Cone*, 535 U.S. 685 (2002) (finding Tennessee's waiver statute to be independent and adequate state rule that is

regularly enforced); *Ralph v. Sexton*, No. 4:13-CV-53-HSM-SKL, 2016 WL 4574682, at *10 (E.D. Tenn. Sept. 1, 2016) (finding Tenn. Code Ann. § 40-30-106(g) "an adequate and independent state ground sufficient to foreclose habeas review"); *Koffman v. State*, No. M2009-00951-CCA-R3-PC, 2010 WL 3774444, at *3 (Tenn. Crim. App. Sept. 29, 2010) (finding claim waived where not asserted to post-conviction court). As such, to the extent this claim was raised to the State court, the rejection of it rested on a State-law rule independent of the federal question and adequate to support the judgment. *See Coleman*, 501 U.S. at 738; *Walker*, 562 U.S. at 315. This claim is therefore procedurally defaulted. Petitioner has not demonstrated cause and prejudice for the default, or that a fundamental miscarriage of justice would result from failure to consider this claim. Accordingly, this claim will be dismissed.

## B. Fourth Amendment

Petitioner next claims that the admission of his confession at trial violated his Fourth Amendment rights because his confession constitutes fruit of a warrantless arrest [Doc. 14 p. 6–7]. This claim was not raised on direct appeal; it was raised for the first time on post-conviction review. As the TCCA correctly concluded, Petitioner could have, but failed to, raise this claim on direct appeal, and it was deemed waived on post-conviction review under Tenn. Code Ann. § 40-30-106(g). *Dickson II*, 2016 WL 1752931, at *3.

As discussed above, the rejection of this claim rested on a State-law rule independent of the federal question and adequate to support the judgment. *See Coleman*, 501 U.S. at 738; *Walker*, 562 U.S. at 315; *see also Cone*, 243 F.3d at 969. This claim is therefore procedurally defaulted. Petitioner has not demonstrated cause and prejudice for

9

the default, or that a fundamental miscarriage of justice would result from failure to consider this claim. Accordingly, this claim will be dismissed.

### C.     Fifth Amendment

Petitioner also challenges the admission of his confession on Fifth Amendment grounds [Doc. 14 p. 8]. This claim, however, was also not raised until post-conviction review, where it was deemed waived under Tenn. Code Ann. § 40-30-106(g). *Dickson II*, 2016 WL 1752931, at *3.

As discussed above, the rejection of this claim rested on a State-law rule independent of the federal question and adequate to support the judgment. *See Coleman*, 501 U.S. at 738; *Walker*, 562 U.S. at 315; *see also Cone*, 243 F.3d at 969. This claim is therefore procedurally defaulted. Petitioner has not demonstrated cause and prejudice for the default, or that a fundamental miscarriage of justice would result from failure to consider this claim. Accordingly, this claim will be dismissed.

### D.     Ineffective Assistance of Counsel

Petitioner's fourth ground for relief is that he received ineffective assistance of counsel both pre-trial and at trial [Doc. 14 p. 10]. Petitioner's claim is governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), which requires a habeas petitioner to satisfy a two-prong test to warrant federal habeas relief. First, Petitioner must demonstrate constitutionally deficient performance; and second, he must demonstrate actual prejudice as a result of such ineffective assistance. *Strickland*, 466 U.S. 668, 687 (1984).

On habeas review, the issue for the district court is not whether the *Strickland* standard is met, but rather, whether the State court's decision that *Strickland* was not met warrants relief under AEDPA standards. *See Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("When 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Accordingly, when a *Strickland* claim has been rejected on its merits by the State court, a petitioner "must demonstrate that it was necessarily unreasonable" for the State court to rule as it did in order to obtain federal habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011).

Petitioner raised this claim on appeal of the post-conviction court's decision, where the TCCA, applying the *Strickland* test, concluded Petitioner offered no proof in support of this claim. *Dickson II*, 2016 WL 1752931, at *2–3.

This conclusion was not unreasonable. As the Court has explained, Petitioner bears the burden to prove both deficient performance by counsel and prejudice as a result of that performance to sustain a claim of ineffective assistance. *See, e.g.*, *Strickland*, 466 U.S. at 687. Here, following the withdrawal of two appointed attorneys and Petitioner's clear expression of his desire to appear without counsel at the post-conviction hearing, Petitioner failed to present evidence in support of his claim of ineffective assistance of counsel [Doc. 29-13]. Therefore, upon a review of the record before it, the Court finds that the decision rejecting this claim was not contrary to, nor was it an unreasonable application of, the law governing ineffective assistance of counsel. Additionally, inasmuch as Petitioner presented no evidence to support his claim, it cannot be said that the decision rejecting this

claim was based on an unreasonable application of the facts in light of the evidence presented. This claim does not warrant federal habeas relief.

Moreover, because Petitioner has failed to produce any evidence demonstrating that counsel rendered ineffective assistance, the Court also notes that Petitioner cannot successfully argue the ineffective assistance of counsel as "cause" to overcome the procedural default of his waived claims.

### E. Excessive Bail

Next, Petitioner claims that his pretrial confinement on $500,000 bail violated his Eighth Amendment rights [Doc. 14 p. 11–12]. Prior to trial, Petitioner filed a motion for reduction of bail in the trial court [Doc. 29-1 p. 31–32]. It is unclear how that motion was resolved. It appears to the Court that Petitioner failed to challenge his bond in a motion for review filed in the TCCA under Rule 8 of the Tennessee Rules of Appellate Procedure, which is the proper procedure for appellate review of a trial court's bond decision. *See, e.g.*, *State v. Moore*, 262 S.W.3d 767, 771–72 (Tenn. Crim. App. 2008). Regardless, the time to challenge his bond expired once he was convicted of attempted first-degree murder, at which time his bond was revoked by law for his Class A felony convictions. *See* Tenn. Code Ann. § 40-11-113(b). Accordingly, this claim is procedurally defaulted and otherwise moot, as Petitioner is not currently imprisoned because of excessive bail, but rather, because of his convictions.

### F. Due Process

Finally, Petitioner claims, generally, that he has been deprived of due process and also appears to reassert his other federal habeas claims as Fourteenth Amendment

violations through incorporation [Doc. 14 p. 13–14]. By his own admission, Petitioner has never raised this issue in State court [*Id*. at 13].

A claim must be presented to the TCCA in order to meet AEDPA's exhaustion requirement. *See Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003); *see also* Tenn. S. Ct. R. 39 (establishing that presentation of claim to TCCA is sufficient to exhaust State remedies). Therefore, by failing to pursue this claim to the TCCA, Petitioner failed to fully exhaust the claim. *See O'Sullivan*, 526 U.S. at 845 (holding that proper exhaustion requires a petitioner to pursue a claim through "one complete round of the State's established appellate review process"). Because there is no avenue by which Petitioner may now obtain State-court review of this claim, it is technically exhausted; but the claim is procedurally defaulted by Tennessee's applicable statute of limitations and prohibition against successive petitions. *See Jones v. Bagley*, 696 F.3d 475, 483 (6th Cir. 2012) ("When a petitioner has failed to present a legal issue to the state courts and no state remedy remains available, the issue is procedurally defaulted."); *see also* Tenn. Code Ann. § 40-30-102(a) (one-year limitation period); § 40-30-102(c) ("one petition" rule).

Furthermore, as stated above, Petitioner's various other claims are themselves procedurally defaulted, save his claim of ineffective assistance of counsel, which this Court has found both substantively without merit and insufficient to establish "cause" for the defaulted claims. Accordingly, this claim will be dismissed.

## IV.    CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will

not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## V.    CONCLUSION

Petitioner has failed to demonstrate an entitlement to federal habeas relief. Therefore, his petition for a writ of habeas corpus will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision will be **DENIED**.

Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE